OPINION
Lawrence D. Kreuzer is appealing from the grant of summary judgment to Terri A. Mazur, the Clerk of Courts of Greene County, Ohio, for court costs owed by Kreuzer for a total of thirteen cases litigated over a span of seven years in which Kreuzer was a party. Mazur filed a complaint on account against Kreuzer which listed the amount owed for each case. The total amount claimed is $3,496.94. Kreuzer, acting pro se, timely filed an answer which consisted of simple general denial.
Mazur then filed a motion for summary judgment for the amount allegedly owed by Kreuzer, together with 10% interest and costs. Mazur supported her motion with an affidavit by her as the Clerk of Courts for Greene County, Ohio, setting forth the net amount owed by Kreuzer, as stated in her complaint. The motion for summary judgment was filed on September 29, 1999, and on October 5, 1999, the trial court issued a notice of hearing on the motion for summary judgment to be decided by the court without oral arguments, pursuant to the court rules, and that opposing affidavits shall be filed no later than October 20, 1999.
Instead of responding to the motion for summary judgment, Kreuzer, pro se, on October 8, 1999, filed four motions, to-wit: a motion requesting the trial judge, who had been assigned to the case by Chief Justice Moyer, to recuse himself; a motion to stay the ruling on summary judgment; a motion for continuance to allow Kreuzer more time to obtain facts to counter the claim; and a motion for both discovery and the answering of interrogatories propounded in his motion. Mazur responded with a motion for a protective order and a request to proceed with a determination of her summary judgment motion. In a memorandum accompanying her motion, Mazur pointed out that a complaint had been filed in June of that year, that everything requested by Kreuzer is available to him at the courthouse, and that all the information he is seeking is contained in public records which he has always been able to access by himself. Mazur pointed out that Kreuzer is simply asking her, the plaintiff, to do his work. She asserts that "his discovery requests and interrogatories are burdensome, ridiculous, and overbearing." The trial court proceeded to overrule all of Kreuzer's motions.
On October 25, 1999, Kreuzer, still pro se, moved the court to reconsider its judgment denying all of his motions. He argues simply that the court is abusing its power. On November 2, 1999, the court filed its final decision and entry denying Kreuzer's motion to reconsider and entering summary judgment on behalf of the plaintiff. The trial court's decision and entry explains its rationale for awarding summary judgment to the plaintiff, as follows:
 When a party moving for summary judgment shows that the non-moving party lacks evidence on an element essential to its claim, the non-moving party has the burden to respond and produce Civ.R. 56(C) evidence "setting forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." *132 Civ.R. 56(E). In Wing v. Anchor Media, Ltd. Of Texas (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus, the Ohio Supreme Court held: "A motion for summary judgment forces the non-moving party to produce evidence on any issue for what the party bears the burden of production at trial. (Celotex Corp. v. Catrett (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. 265, approved and followed)." Furthermore, the substantive law determines which facts are material. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248.
 In the case before the Court, the Plaintiff has supported by affidavit that court costs have been assessed against the Defendant by a Court in Case Numbers 90 CR 10, 93 CR 257, 98 CR 49, 84 DR 628, 92 CA 69, 92 CA 87, 92 CA 98, 92 CA 105, 92 CA 108, 93 CA 89, 96 CA 131, 97 CA 37, and 97 CA 140. The Defendant has not produced evidence showing specific facts that there is a genuine issue for trial. The records of the Greene County Court of Common Pleas show that court costs were assessed against the Defendant in the various cases previously cited. The Plaintiff has shown that $3,484.32 is still due and owing on the court costs.
 THEREFORE, IT IS THE ORDER OF THIS COURT that the Motion of the Plaintiff for summary judgment is GRANTED, and the Plaintiff, Terri A. Mazur, Greene County Clerk of Courts, is granted judgment in the amount of $3,484.32, plus 10% interest, and costs of these proceedings, as of the date of the filing of this Entry.
 The Court finds there is no just reason for delay, pursuant to Civ.R. 54.
Kreuzer, still pro se, filed his brief on appeal listing the following three assignments of error:
 1. THE COURT ERRED IN NOT GRANTING APPELLANT'S MOTION FOR A CONTINUANCE FILED ON OCTOBER 8, 1999.
 2. THE COURT ERRED IN NOT GRANTING APPELLANT'S MOTION FOR DISCOVERY AND INTERROGATORIES FILED ON OCTOBER 8, 1999.
 3. THE COURT ERRED IN GRANTING APPELLEE SUMMARY JUDGMENT WHEN THE AFFIDAVIT CONTAINS FALSE STATEMENTS.
As an initial matter, we note that Kreuzer's brief is single-spaced, in clear violation of App.R. 19. However, because the brief is extremely short, we will ignore the violation and consider the case upon its merits.
As to assignment number one, the law is clear that "the grant or denial of a motion for a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of the continuance unless there has been an abuse of discretion." (Citations omitted). State v. Unger (1981), 67 Ohio St.2d 65, 67 — 68, 21 O.O.3d 41, 43. It is also clear that "the term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Here, Kreuzer did not file his motion until after the plaintiff filed her motion for summary judgment, and he already had quite a few months to find any facts in his favor, which he could have done by simply walking into the county courthouse and examining the public records. We cannot find any abuse of discretion on the part of the trial court in overruling Kreuzer's motion for a continuance.
The first assignment of error is overruled.
In his second assignment of error, Kreuzer maintains that the court should have granted his motion for discovery and the submission of interrogatories to the plaintiff. The plaintiff properly sought a protective order, not to protect the public records which she maintains for view by Kreuzer or any other member of the public, but simply to avoid having to do Kreuzer's work for him. The protective order was properly granted. Kreuzer had no need for discovery as the public records were always open to him anyway.
The second assignment of error is overruled.
In his third assignment of error, Kreuzer argues that summary judgment to the plaintiff was improper because the affidavit in support of it contains references to two cases that Kreuzer in his brief maintains he won. However, he presents no evidence of that assertion and never responded to the motion for summary judgment with any evidence to contradict the affidavit of the plaintiff attached to her motion for summary judgment. The trial court's decision properly has set forth the reasons and authority for the granting of the summary judgment to the plaintiff. We see no reason to duplicate the trial court's correct analysis, and we hereby approve and adopt it as our own.
The third assignment of error is overruled.
The judgment is affirmed.
BROGAN, J., concurs.